UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA,   CASE NO. 04-20211-CR-JORDAN

    Plaintiff,

v.

WILLIAM WALKER a/k/a
"Per O. Loyning,"

    Defendant.   **DETENTION ORDER**
_____/

    Pursuant to 18 U.S.C. section 3142(f), a hearing was held on April 23, 2004, to determine whether the Defendant, WILLIAM WALKER a/k/a "Per O. Loyning," should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. section 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this Defendant as required in the event of Defendant's pretrial release and the safety of any other person and the community. Therefore, it is ORDERED that Defendant WILLIAM WALKER a/k/a "Per O. Loyning," be detained prior to trial and until the conclusion thereof. In accordance with the provisions of 18 U.S.C. section 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

    (1) The Defendant is charged in a multi-count Indictment with: (Count I) Conspiracy to commit wire fraud and Conspiracy to commit prescription drug diversion; (Counts II-VIII) Wire fraud; (Count IX) Prescription drug diversion; (Count X) Money laundering conspiracy; and (Counts XI - XXIII) Money laundering. 18 U.S.C. section 3142(g)(1).

    (2) The weight of the evidence is substantial. A grand jury has indicted the Defendant on the aforesaid charges thereby establishing probable cause that Defendant committed the offenses

enumerated in the Indictment. According to the Government, a conviction on the money laundering and conspiracy to commit money laundering charges alone (Counts X through XXIII) each carry a maximum penalty of 20 years imprisonment.

(3) According to the Government and the Pretrial Services Report, herein incorporated by reference, Defendant has a criminal record including convictions for drug/cocaine trafficking (sentenced to 5 & 12 years incarceration on 12/6/91), and the interstate transportation of stolen property (sentenced to 5 years incarceration on 3/5/92).

The Defendant is a citizen of Norway and states that he traveled to the Bahamas and Europe during the last two years. Defendant was last ordered deported on 1/25/96. The Bureau of Immigration and Customs Enforcement database reflects an outstanding warrant for Defendant's arrest.

(4) Based on the foregoing, the Court finds that the Defendant has failed to rebut the presumption that he is a risk of flight and a danger to the community. 18 U.S.C. section 3142(e).

(5) Based upon the above findings of fact, which are supported by a preponderance of the evidence, this Court concludes that Defendant presents a risk of flight. By clear and convincing evidence, this Court finds that the Defendant poses a danger to the community. Accordingly, the Court hereby directs:

1. That the Defendant be detained without bond and be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That on order of a court of the United States, or on request of an attorney for the

Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in chambers at Miami, Florida this 30th day of April, 2004.

PETER R. PALERMO
SR. UNITED STATES MAGISTRATE JUDGE

cc: Ricardo Del Toro, AUSA
    Jay Levine, Esq.