UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA,                    CASE NO: 04-20211-CR-JORDAN

    Plaintiff,

v.

WILLIAM WALKER a/k/a
PER LOYNING

    Defendant.
_____/

## OBJECTION TO PRE-SENTENCE INVESTIGATION REPORT

The Defendant, WILLIAM WALKER a/k/a PER LOYNING, by and through undersigned counsel, hereby objects to the Pre-Sentence Investigation Report, which was faxed to undersigned counsel on February 2, 2005, and received on February 7, 2005, (undersigned counsel was out of town until February 6, 2005). The defendant objects as follows:

Paragraph 99 of the Pre-Sentence Investigation Report reflects eleven (11) criminal history points. This calculation includes two (2) criminal history points for the Defendant's conviction in Miami-Dade County Circuit Court in Case No. F03-13108A. (See Paragraph 98 of the Pre-Sentence Investigation Report).

Paragraph 133 of the Pre-Sentence Investigation Report correctly reflects that the conduct in the instant case and the Miami-Dade County Circuit Court case was an "ongoing and continuous crime which began at the latest, with the licensing of Crystal Coast, Inc." All of the transactions in both cases involved Crystal Coast, Inc., and the Defendant's partner in the corporation, Co-Defendant Sheldon Kressler. Thus there was a single conspiracy to obtain

pharmaceuticals from various questionable sources and sell them at a profit through Crystal Coast, Inc.

§ 4 A1.2 of the United States Sentencing Guidelines provides that "prior sentences in related cases are to be treated as one sentence for purposes of § 4 A 1.1 (a), (b), and ( c)." Application note 3 provides that "prior sentences are considered related if they resulted from offenses that... (b) were part of a single common scheme or plan. Therefore, since the Defendant's conviction in Miami-Dade County Circuit Court stemmed from the same common scheme (i.e., sale of pharmaceuticals through Crystal Coast) as in the instant case, the Defendant's should not receive an additional two criminal history points for that conviction.

Accordingly, the Defendant has nine (9) criminal history points and not eleven (11) and a criminal history category of IV with a recommended sentencing range of 63 to 78 months.

The defendant also objects to Paragraphs 76 and 77, wherein the victim, formerly Schein Pharmaceutical, claims damages of $3,947,851.00. This figure was derived by subtracting the price the defendant's paid ($2,353,165.00), from the price Schein claims it could have sold the product for ($6,301,016.00).

This analysis is flawed because it presupposes that Schein had a ready buyer for the product at $6,301,016.00, but was unable to fill the order because it sold the product to the Defendant'. However, Schein had the manufacturing capacity to fulfill every order placed by its regular customers and thus lost zero profits because of the sale to the Defendants.

In fact, because the price the Defendants paid far exceeded the manufacturing costs, Schein not only profited from the sale to the Defendants, Schein accrued a substantial tax advantage by counting the $3,947,851.00, price differential as a charitable contribution. Thus, since Schein suffered zero actual damages, no restitution order is warranted. While this factor does not affect the guideline calculations and further, as the Pre-Sentence Investigation Report correctly notes that the Defendant is without funds to pay a fine let alone millions in restitution, the Defendant nonetheless objects to Paragraphs 76 and 77 of the Pre-Sentence Investigation Report.

Respectfully submitted,

LAW OFFICES OF JAY L. LEVINE, P.A.
Attorney for Defendant Per Loyning
A/K/A William Walker
3191 Coral Way
Suite 1010
Miami, FL 33145
Tel: 305-447-9776

By: _____
Jay L. Levine
Fla. Bar No. 224456

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was sent via U.S. Mail and facsimile to Assistant U.S. Attorney Charles Duross at 99 N.E. 4th Street, Miami, FL 33132 (Fax: 305-530-7976); and Gregory R. Jenkins, USPO, 300 N.E. 1st Avenue, Room 315, Miami, FL 33132, (Fax 305-523-5496) on this ___8___ day of February, 2005.

By: _____
Jay L. Levine